UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **Civil Action No.**
JON LEAKE,

                                  Plaintiff(s),

      -against-


GARDEN CITY UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,
                              Defendant(s).
------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION

To: GARDEN CITY UNION FREE SCHOOL DISTRICT
     BOARD OF EDUCATION
     56 CATHEDRAL AVENUE
     GARDEN CITY, NY 11530

A lawsuit has been filed against you.

Within 21 days after service of this summons upon you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a) (2) (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                            LOUIS C. FIABANE
                            Attorney for Plaintiff
                            304 East 49th Street
                            New York, NY 10017
                            (212) 888-8922

If you fail to respond, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

DATE: _____

                            CLERK OF COURT


                            _____
                            Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X    **Civil Action No.**
JON LEAKE,

                    Plaintiff,

        -against-                                  **VERIFIED COMPLAINT**

GARDEN CITY UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,

                    Defendants.
---------------------------------------------------------------X

       Plaintiff, by his attorney, LOUIS C. FIABANE, ESQ., complaining of the above named defendant respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

Plaintiff brings this action to remedy harassment and retaliation in employment, including, but not limited to harassment and retaliation and in violating plaintiff's rights by refusing, withholding and/or denying plaintiff reasonable accommodations to a person with a disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights of 1991, 42 U.S.C 1981 ("Title VII); Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq., §§ 12112 to 12117, the New York State Executive Law 296 et seq. (New York State Human Rights Law); Plaintiff also suffered emotional and mental distress.

Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to Title VII, the Human Rights Law and New York common Law.

## JURISDICTION

### I. PLAINTIFF JON LEAKE

       This is a civil action for damages brought pursuant to Title VII of the Civil Rights Act of 1964 § 701, et seq., as amended 42 U.S.C. § 2000e, et seq. Jurisdiction is founded upon 42 U.S.C.2000e (1) through 2000e (15), Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq., §§ 12112 to 12117, specifically §705 (f) (3) a Federal Question. Plaintiff, JON LEAKE further invokes the pendent jurisdiction of this court to consider claims arising under state law. The amount in controversy exceeds $75,000.00, excluding costs and attorney's fees.

       Plaintiff, JON LEAKE has complied with all the jurisdictional prerequisites to the action

under Title VII of the Civil Rights Act of 1964, as follows:

a. On or about, September 5th, 2021, plaintiff was called into Principal Audrey Bevollin's office and was told that she was going to be the Administrator who gets him fired.

b. On or about, November 6, 2021, plaintiff received his first unsatisfactory Teachers observation

c. On or about February 2, 2022 plaintiff filed a complaint with the EEOC and informed Assistant Superintendent Nanine Mcglauhlin of his intentions to file an ADA claim as plaintiff suffered from chronic panic disorder with anxiety. Mrs. Mcglaughlin told plaintiff not to file and that she would transfer plaintiff at the end of the year. She never transferred plaintiff.

d. On or about August 8, 2022, plaintiff filed his third EEOC complaint and an ADA claim seeking a reasonable transfer away from Principal Audrey Bevollin and the primary level. Plaintiff suffered from chronic panic disorder with anxiety. On or about August 21, 2022 plaintiff's request was denied by Assistant Superintendent Nanine Mcglaughin

e. In or about September 2022, an investigation began involving wearing a body cam. Mr. Leake got permission for GCTA building rep Mrs. Meridith Petry and Athletic Coordinator Michael Tullo.

f. On or about October 9th, 2022, the suspension issue was resolved but Mr. Leake was not reinstated back to teaching or coaching. No reason was every given to this day Mr. Leake remains suspended from teaching and coaching.

g. On or about October 9th 2022 Mr. Leake was fired from Coaching by Athletic Director Eduardo Ramierz. To this day Mr. Leake is still fired for coaching any of the teams (4) that he has coached over 20 consecutive years.

h. In November 2022, Mr Leake was placed on teacher probation plan

i. On December 7th, 2022 Mr. Leake was given a directive to be examined by Dr. Richard Solomon. The exam lasted 2 hours.

j. On or about March 22, 2023 Mr. Leake received his right to sue letter from The EEOC

k. On or about March 27th, 2023 Mr. Leake was informed by Assistant Superintendent Nanine Mcglaughlin that based on the psychiatric examination report performed by Dr. Richard Solomon that he was unfit to be around children and teach. During that meeting, Mr. Leake was pressured by Assistant Superintendent Nanine Mcglaughlin to resign or take a leave of absence or a 3020a proceeding would follow.

l. As the unlawful employment practices complained of herein occurred within, and defendants regularly do business within, the Eastern district of New York, venue is proper in this District pursuant to § 706 (f) (3) of Title VII, 42 U.S.C. §2000 e-5 (f) (3) .

m. The Plaintiff, JON LEAKE has filed this action within ninety days of the receipt of his Notice of Right to Sue.

n. That heretofore, on or about the 31st day of March, 2023 a verified statement of the plaintiff's claim and notice of intention to sue herein was duly served on the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, and said verified statement of this plaintiff's claim and notice of intention to sue were so served within ninety (90) days of the happening of this accident as is provided in the General Municipal Law of New York.

o. That said verified statement of plaintiff's claim included, among other things, the name and post office address of the plaintiffs and their attorney, the nature of the claim, the place and manner in which the claim arose and the items of damage for the injuries claimed at the time to have been sustained.

p. That at least thirty (30) days have not elapsed since the verified statement of this plaintiffs' claim and notice of intention to sue herein referred to was served upon the defendant, and the defendant has failed to make an adjustment of payment thereof and this action has been commenced within one (1) year and ninety (90) days of the cause of action herein alleged had occurred.

q. That on the 17th day of May, 2023, a hearing was conducted by defendant pursuant to the General Municipal Law of the State of New York and authorization was given to the defendant, to conduct a physical examination of the plaintiff, at its request.

## INTRODUCTION PLAINTIFF JON LEAKE

1. That at all times hereinafter mentioned, the Plaintiff, JON LEAKE, was and still is a resident of the County of Nassau, State of New York.
2. Upon information and belief, that all times hereinafter mentioned, the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, was and still is a Corporation, duly incorporated under the Laws of the State of New York and doing business in the State of New York.
3. That at all times hereinafter mentioned, the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, was the owner of Stratford Elementary School, located at 97 Stratford Avenue, Garden City, NY in the County of Nassau, State of New York.
4. That at all times hereinafter mentioned, the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, agents, servants and/or its employees operated, maintained, and controlled the said school.
5. That at all times hereinafter mentioned, principal Audrey Bevollin was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.
6. That at all times hereinafter mentioned, principal Audrey Bevollin was acting in the scope of her employment for the defendant, GARDEN CITY UNION FREE

SCHOOL DISTRICT BOARD OF EDUCATION.

7. That at all times hereinafter mentioned, Dr. Kusm Sinha was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

8. That all times hereinafter mentioned, Dr. Kusm Sinha was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

9. That at all times hereinafter mentioned, Nanine McLaughlin was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

10. That all times hereinafter mentioned, Nanine McLaughlin was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

11. That at all times hereinafter mentioned, Dr. Edward Cannone was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

12. That all times hereinafter mentioned, Dr. Edward Cannone was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

13. That at all times hereinafter mentioned, Edward Ramirez was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

14. That all times hereinafter mentioned, Edward Ramirez was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

15. That at all times hereinafter mentioned, James Cotter was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

16. That all times hereinafter mentioned, James Cotter was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

17. That at all times hereinafter mentioned, Michael Tullo was employed by the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

18. That all times hereinafter mentioned, Michael Tullo was acting in the scope of his/her employment for the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

19. That plaintiff began to experience retaliatory harassment from several employees and/or agents of defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION.

20. On or about September 5th, 2021, plaintiff was called into Principal Audrey Bevollin office and was told that she was going to be the Administrator who gets him fired.

21. On or about November 6, 2021, plaintiff received his first unsatisfactory Teachers observation.

22. On or about February 2, 2022 plaintiff filed a complaint with the EEOC and informed Assistant Superintendent Nanine Mcglauhlin of his intentions to file an ADA claim as plaintiff suffered from chronic panic disorder with anxiety. Mrs. Mcglaughlin told plaintiff not to file and that she would transfer plaintiff at the end of the year. She never transferred plaintiff.

23. On or about, August 8, 2022 plaintiff filed his third EEOC complaint and

an ADA claim seeking a reasonable transfer away from Principal Audrey Bevollin and the primary level as plaintiff suffered from chronic panic disorder with anxiety.

24. On or about August 21, 2022 plaintiff's request was denied by Assistant Superintendent Nanine Mcglaughin

25. In or about September 2022, an investigation began involving wearing a body cam. Mr. Leake got permission for GCTA building rep Mrs. Meridith Petry and Athletic Coordinator Michael Tullo.

26. On or about October 9th, 2022, the suspension issue was resolved but Mr. Leake was not reinstated back to teaching or coaching. No reason was every given to this day Mr. Leake remains suspended from teaching and coaching.

27. On or about October 9th 2022 Mr. Leake was fired from Coaching by Athletic Director Eduardo Ramierz. To this day Mr. Leake is still fired for coaching any of the teams (4) that he has coached over 20 consecutive years.

28. In November 2022, Mr Leake was placed on teacher probation plan

29. On December 7th, 2022 Mr. Leake was given a directive to be examined by Dr. Richard Solomon. The exam lasted 2 hours.

30. On or about March 22, 2023 Mr. Leake received his right to sue letter from The EEOC

31. On or about March 27th, 2023 Mr. Leake was informed by Assistant Superintendent Nanine Mcglaughlin that based on the psychiatric examination report performed by Dr. Richard Solomon that he was unfit to be around children and teach. During that meeting, Mr. Leake was pressured by Assistant Superintendent Nanine Mcglaughlin to resign or take a leave of absence or a 3020a proceeding would follow.

32. That the harassment and retaliation by defendant, its servants, agents and employees was repeated and was intended to create a hostile environment for plaintiff, JON LEAKE to work in. Defendant began to subject plaintiff to greater scrutiny than other teachers, attempted to intimidate plaintiff and continued to work with the administration and refused to help the plaintiff. Such conduct by defendant, was designed to create a hostile work environment, thereby rendering plaintiff, JON LEAKE's submission to the retaliatory and hostile work environment a term or condition of his employment.

33. That the harassment and retaliation by defendant, its agents, servants and employees of the plaintiff, JON LEAKE, substantially affected the plaintiff's employment and caused him severe physical, emotional and mental distress.

34. That following the commencement by defendant, its agents, servants and employees of the numerous acts of harassment and retaliation, the plaintiff, JON LEAKE made numerous complaints to the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees.

35. That despite the complaints made by the plaintiff, JON LEAKE, to the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees, the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, failed and refused to terminate the course of conduct of defendant, its agents, servants and/or employees, constituting harassment and retaliation of the Plaintiff, JON LEAKE, thereby condoning such illegal acts and transforming the acceptance of the harassment and retaliation of plaintiff's supervisors into a condition of plaintiff's continued employment.

36. That the conduct of defendant, its agents, servants and employees constituting harassment, abuse and retaliation was further ratified and condoned by the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, and did create a hostile working environment for the plaintiff, and such acts of harassment and retaliation was in fact known to the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants, and/or employees, and the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, failed and refused to terminate same, thereby rendering it a policy of the defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, that submission to harassment, abuse and retaliation by its employees is a condition of their employment.

## FIRST CAUSE OF ACTION OF PLAINTIFF JON LEAKE

37. Plaintiff, JON LEAKE repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36, as if set forth in full herein.

38. Defendant, GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees, by its conduct herein alleged, intentionally, willfully and without justification, did deprive the plaintiff, JON LEAKE, of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, particularly his right to be free from retaliation and harassment and his rights as provided by Title VII of the Civil Rights Act of 1964, § 701, et seq., as amended 42 U.S.C. § 2003, et seq.

39. The plaintiff, JON LEAKE has suffered physical, emotional and mental damages which continue to accrue, and any and all compensatory and punitive damages by law made and provided.

## SECOND CAUSE OF ACTION OF PLAINTIFF JON LEAKE

40. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 39 of this Complaint with the same force and effect as if set forth herein.

41. Defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees retaliated against plaintiff in the terms and conditions of his employment on the basis of his testimony against another principal in violation of Title VII.

42. In taking the above-described retaliatory actions, defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees acted and reckless indifference to Plaintiff's rights under with malice title VII.

43. As a result of defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees retaliatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

## THIRD CAUSE OF ACTION OF PLAINTIFF JON LEAKE

44. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if full set fort herein

45. In violation of Title VII, defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees retaliated against plaintiff for his testimony given against another principal in a sexual discrimination case including but not limited to harassment and retaliation against plaintiff.

46. In taking the above-described retaliatory actions, defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, its agents, servants and/or employees acted with malice and reckless indifference to plaintiff's rights under title VII.

47. As a result of the defendant GARDEN CITY UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, it's agents, servants and/or employees' s retaliatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION OF PLAINTIFF JON LEAKE

48. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if set forth herein.

49. Defendant retaliated against plaintiff in the terms and conditions of his employment in violation of the New York State Human Rights Law.

50. As a result of the defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION OF PLAINTIFF JON LEAKE

51. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if set forth herein.

52. In violation of the New York State Human Rights Law, defendant retaliated against plaintiff on the basis of his participation in activities protected by the Human Rights Law, including but not limited to testifying against another principal in a sexual discrimination case, resulting in harassment and retaliation by the defendant.

53. As a result of the defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION OF PLAINTIFF JON LEAKE

54. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if set forth herein.

55. Defendant violated plaintiff's rights under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq., Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq., §§ 12112 to 12117, by refusing, withholding and/or denying plaintiff reasonable accommodations to a person with a disability, and more specifically, chronic panic disorder with anxiety.

56. In taking the above descried discriminatory actions defendant acted with malice and reckless indifference to plaintiff's rights.

57. As a result of the defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

### SEVENTH CAUSE OF ACTION OF PLAINTIFF JON LEAKE

58. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth herein.

59. Defendant violated plaintiff's rights under New York State Human Rights Law by refusing, withholding and/or denying plaintiff reasonable accommodations to a person with a disability, and more specifically, chronic panic disorder with anxiety.

60. In taking the above descried discriminatory actions defendant acted with malice and reckless indifference to plaintiff's rights.

61. As a result of the defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

### EIGHTH CAUSE OF ACTION OF PLAINTIFF JON LEAKE

62. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 61 of this complaint with the same force and effect as if set forth herein.

63. By this conduct, defendant, its servants, agents and employees have intentionally or recklessly caused plaintiff emotional distress.

64. Defendant's conduct so exceeded the bounds of decency it is liable to plaintiff for the emotional distress it caused

### NINTH CAUSE OF ACTION PLAINTIFF JON LEAKE

65. Plaintiff, JON LEAKE repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64, as if set forth in full herein.

66. Defendant, its servants agents and employees, by their conduct herein alleged, intentionally, willfully and without justification, did deprive the plaintiff, JON LEAKE, of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, particularly his right to be free from retaliation and harassment and his rights as provided by Title VII of the Civil Rights Act of 1964, § 701, et seq., as amended 42 U.S.C. § 2003, et seq.

67. As a result of the defendant's, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress and other compensable damage unless and until this Court grants relief.

WHEREFORE, plaintiff respectfully requests that this Court a Judgment:

a) declaring the acts and practices complained of herein to be violations of Title VII, the human rights Law, and New York common Law;

b) enjoining and permanently restraining these violations of Title VII, the Human Rights Law, the and New York common Law;

c) directing defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and not do to continue to affect plaintiff's employment opportunities;

d) directing defendant to place plaintiff in the position he would have occupied but not for defendant's retaliatory treatment of him, and making him whole for all earning and other benefits he would have received but not for defendant's retaliatory treatment, including but not limited to wages, pensions, and other lost benefits;

e) directing defendants pursuant to the Human Rights Law to pay plaintiff compensatory and punitive damages under 42 U.S.C. §1981 A (b);

f) directing defendants pursuant to the Human Rights Law to pay plaintiff compensatory damages for emotional distress, humiliation, and pain and suffering and interest thereon; and punitive damages;

g) directing defendant pursuant to New York common Law to pay plaintiff compensatory damages, including damages for emotional distress, humiliation and pain and suffering and interest thereon, and punitive damages;

h) awarding plaintiff the costs of this action, together with reasonable attorney fees, as provided by§ 706 (k) of title VII, 42 U.S.C. § 2000-5(k) and by the Human Rights Law; and

i) directing defendant to pay plaintiff compensatory damages, including damages for emotional distress, humiliation and pain and suffering in the sum of TWO MILLION DOLLARS ($2,000,000.00) and interest thereon, and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(j) granting such other and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
       June 8, 2023

Yours, etc.,

LOUIS C. FIABANE
Attorney for Plaintiff
304 East 49th Street
New York, NY 10017
(212) 888-8922

# VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, say that:

I, LOUIS C. FIABANE ESQ., the attorney of record for the plaintiff, JON LEAKE, have read the annexed SUMMONS AND VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the documents and information in our files.

The reason I make this verification instead of the plaintiff is that said plaintiff resides outside the county in which this law firm maintains its office.

I affirm that the foregoing statements are true under penalties of perjury.

DATED: New York, New York
June 8, 2023

_____
LOUIS C. FIABANE, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JON LEAKE,

                  Plaintiff,

-against-

GARDEN CITY UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,

                  Defendants.

-----------------------------------------------------------------X

**Civil Action No.**

**CERTIFICATION**

      LOUIS C. FIABANE, ESQ., an attorney duly admitted to practice law before the United States District Court Eastern District of New York, hereby certifies: By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

DATED:    New York, New York
                June 8, 2023

                                                                           _____
                                                                           LOUIS C. FIABANE, ESQ.



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

March 22, 2023

**VIA EMAIL:canes133b@yahoo.com**

Jon S. Leake
15 Maryland Avenue
Long Beach, NY 11561

    Re:    EEOC Charge Against:    Garden City Schools
             EEOC No.:                   520-2022-07001

Dear Mr. Leake:

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

        Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u> This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

        If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: New York District Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division

BY: *Celeste A. Adams-Simmons*
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section

Enclosures:
  Notice of Rights under the ADAAA

cc:    Garden City Schools
       EEOC- New York District Office

**CV NO.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JON LEAKE,

                              Plaintiff,

      -against-


GARDEN CITY UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,

                             Defendants.
------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

------------------------------------------------------------

LOUIS C. FIABANE
ATTORNEY FOR PLAINTIFF(S)
OFFICE AND POST OFFICE ADDRESS
304 EAST 49TH STREET
NEW YORK, NEW YORK 10017
(212) 888-8922

------------------------------------------------------------